IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE JEAN HUFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2302-L |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Wal-Mart Stores Texas, LLC filed a motion to dismiss. *See* Dkt. Nos. 26 & 27.

Plaintiff Billie Jean Huffman filed a response in opposition to Wal-Mart's motion to dismiss, *see* Dkt. Nos. 29 & 30, and Wal-Mart filed a reply, *see* Dkt. No. 31.

United States District Judge Sam A. Lindsay referred this motion to dismiss to the undersigned magistrate judge. *See* Dkt. No. 27.

For the reasons explained below, the Court should grant in part and deny in part Wal-Mart's motion to dismiss.

### Background

This is a premises liability case. *See* Dkt. No. 20.

On or around September 22, 2021, Ms. Huffman went to shop at Wal-Mart. *See id.* ¶ 9. Ms. Huffman was about to leave when the cashier at register seven called her back because she had left a bag behind. *See id.* After retrieving her items

from register seven, Ms. Huffman turned to leave. *See id.* But, as Ms. Huffman turned, she tripped on a dust mop head that had been placed on an unattended cleaning maintenance cart in the area between registers six and seven. *See id.* Due to the fall, Ms. Huffman sustained injuries. *See id.* ¶ 12.

Ms. Huffman filed her first lawsuit in state court. *See Huffman v. Wal-Mart Stores, Inc.*, Civil Action No. 3:21-cv-02799-S (N.D. Tex. 2021); *see also* Dkt. No. 27 at 1. Wal-Mart removed the lawsuit to the Northern District of Texas. *See* Dkt. No. 27 at 1.

Ms. Huffman filed an amended complaint. *See id.* at 2. Ms. Huffman then filed a motion for leave to file an amended complaint, which the Court granted. *See id.* The same day, Ms. Huffman filed a second amended complaint. *See id.* Both parties then conducted written discovery and depositions. *See id.* After an unsuccessful mediation, Ms. Huffman voluntarily dismissed the original lawsuit, and the Court granted the order for the motion for voluntary dismiss. *See id.*

Several months later, Ms. Huffman filed this lawsuit in state court. *See id*; *see also* Dkt. No. 30 ¶ 2. In her petition, she alleged negligence as to Wal-Mart and its employees; premises liability; negligent hiring, supervision, training, and retention; negligent activity; gross negligence; and respondeat superior. *See* Dkt. No. 27 at 2; *see also* Dkt. No. 30 ¶ 2.

Wal-Mart then removed this lawsuit. *See* Dkt. No. 1; *see also* Dkt. No. 27 at 2; Dkt. No. 30 ¶ 2.

Ms. Huffman then filed her first amended complaint, in which she alleged premises liability, respondeat superior, and gross negligence. *See* Dkt. No. 14; *see also* Dkt. No. 27 at 2; Dkt. No. 30 ¶ 2.

In response, Wal-Mart filed a motion to dismiss for failure to state a claim as a matter of law. *See* Dkt. Nos. 15 & 16; *see also* Dkt. No. 27 at 2; Dkt. No. 30 ¶ 2.

Ms. Huffman then filed her Second Amended Petition, in which she alleged premises liability and addressed Wal-Mart's concerns from its brief in support of its motion to dismiss plaintiff's amended complaint. *See* Dkt. No. 25; *see also* Dkt. No. 27 at 2; Dkt. No. 30 ¶ 3.

The Court then issued an order denying Wal-Mart's first motion to dismiss as moot based on Ms. Huffman's filing her Second Amended Petition. *See* Dkt. No. 25.

Wal-Mart then filed this second motion to dismiss for failure to state a claim because the "alleged condition at issue is clearly open and obvious." *See* Dkt. Nos. 26 & 27; *see also* Dkt. No. 30 ¶ 4.

Ms. Huffman responded by asserting that she had sufficiently pleaded a claim of premises liability under Federal Rule of Civil Procedure 8; that the maintenance cart and mop were not open and obvious; that all of her claims fell under premises liability; that she had alleged enough factual support for her past and future loss of earning capacity claims; and that she was also entitled to an alternative motion for leave to amend if the Court found against her in Wal-Mart's motion to dismiss. *See* Dkt. No. 29; *see also* Dkt. No. 30.

Wal-Mart filed a reply and reasserted its arguments in its motion to dismiss

for failure to assert a claim. *See* Dkt. No. 31.

**Legal Standards**

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also*

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive

-5-

plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

But, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense [must] appear[ ] clearly on the face of the pleadings." *Wilson v. CHA Galleria, LP*, No. 3:23-cv-2158-D, 2024 WL 2032932, at *2 (N.D. Tex. May 7, 2024) (cleaned up). "In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has pleaded [herself] out of court by admitting to all of the elements of the defense." *Id.* (cleaned up).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely

evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

## Analysis

I. <u>Ms. Huffman has asserted a plausible premises liability claim.</u>

As a preliminary matter, Ms. Huffman contends that she only asserted a premises liability claim in her Second Amended Petition. *See* Dkt. No. 20. But Ms. Huffman also alleged that Wal-Mart had a duty to "make [the premises] safe, including *having clearly defined instructions and procedures* for employees to follow regarding safe and slip trip and fall and accident prevention." *See* Dkt. No. 20 ¶16; *see also* Dkt. No. 27 at 9 (emphasis in original). To the extent this language could be construed to raise a claim for negligent activity, that claim is barred.

Negligent activity arises from "affirmative, contemporaneous conduct," while premises liability derives from "the [premises] owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). While both theories are derivatives of negligence, premises liability is a "special form" of negligence that defines a specific relationship between a premises owner and his or her duty to the plaintiff who enters the property. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). On the other hand, a negligent activity theory requires that the injury occurred as a "contemporaneous result of the activity itself" rather than by a "condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

Even though both theories require the plaintiff to establish similar elements,

negligent activity and premises liability claims are based on "independent theories of recovery" and consequently are "not interchangeable." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). As such, a plaintiff cannot bring both negligent activity and premises liability claims for the same injury. *See Austin v. Kroger Texas, L.P.*, 746 F.3d 191, 197 (5th Cir. 2014).

Premises liability applies when an injury occurs due to a premises owner's failure to remedy a "condition" on the premises. *Jenkins*, 478 S.W.3d at 644. A condition, as opposed to a contemporaneous activity, is created when an item is placed on the premises. *See Keetch*, 845 S.W.2d at 264. So, if the injury is a result of a condition on the premises that the defendant failed to remedy, as opposed to the defendant's conduct at the time of injury, the only cause of action is a premises-liability claim. *See id.*

To establish a claim of premises liability, a plaintiff must first demonstrate that the landowner owed the plaintiff a duty of care. *See Del Lago Partners, Inc.*, 307 S.W.3d at 767. Whether a duty exists, and the scope of the duty, depends on the plaintiff's status. *See Lapara v. Silver Slipper Casino Venture, L.L.C.*, 446 F. App'x 727, 730 (5th Cir. 2011). A plaintiff must show that she was either an invitee, licensee, or trespasser. *See id.* An invitee is an individual who enters another's property "in response to an express or implied invitation of the owner or occupant for their mutual advantage." *Id.*

Under Texas law, a premises owner's duties to an invitee require the exercise of ordinary, reasonable care to "make safe" or keep the premises in a "reasonably

safe condition," and to warn against any "concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). The "reasonableness" of a landowner's actions is often a jury question, but, in most cases, the court has recognized that a landowner who provides an adequate warning "acts reasonably as a matter of law." *Id.* at 203.

The law requires landowners to warn or protect invitees against unreasonably dangerous conditions that are concealed or unknown to invitees because landowners are generally in a "better position than [] invitee[s] to be aware of hidden hazards on the premises." *Id.* But premises owners generally do not have a "duty to warn of hazards that are open and obvious or known to the invitee" because a premises owner does not have an "absolute" duty to ensure an invitee's safety. *Id.*; *see also Del Lago Partners, Inc.*, 307 S.W.3d at 769. Rather, an invitee must use a "degree of care and prudence" that an ordinary person would use under the same or similar circumstances. *Lapara*, 446 F. App'x at 731.

As another judge has summarized,

> "[u]nder Texas law, when a hazardous condition is 'open and obvious or known to the invitee,' the duty to warn ceases to exist because open and obvious hazards are equally discoverable by landowners and invitees alike." *Maldonado v. AEP Texas Inc.*, [681 F. Supp. 3d 704, 709 (S.D. Tex. 2023)] (quoting *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015)). "A hazard is considered open and obvious 'when the evidence conclusively establishes that an invitee would have knowledge and full appreciation of the nature and extent of danger, such that knowledge and appreciation of the danger are considered as proved as a matter of law.'" *Dougay v. Dolgencorp of Texas, Inc.*, No. 22-40479, 2023 WL 2809155, at *2 (5th Cir. Apr. 5, 2023) (quoting *Los Compadres*

> *Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021)). Courts apply the objective standard of "what a reasonably prudent person would have known under similar circumstances" based on the "totality of the particular circumstances the plaintiff faced." *Los Compadres Pescadores, L.L.C.*, 622 S.W.3d at 788-89 (internal quotations omitted).

*Kizzie v. Wal-Mart Stores, Inc.*, No. CV H:23-14, 2023 WL 9503477, at *2 (S.D. Tex. Dec. 20, 2023).

And, so, "[t]he question is whether the danger is so open and obvious that as a matter of law [the plaintiff] will be charged with knowledge and appreciation thereof." *Los Compadres Pescadores, L.L.C.*, 622 S.W.3d at 788 (cleaned up). "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.*

"To properly apply an objective test, [a court] must consider the totality of the particular circumstances the plaintiff faced." *Id.* at 788-89 (cleaned up). Another judge has explained that "[t]here is no precise or exhaustive list of considerations under the broad totality-of-the-circumstances approach," but "a survey of Texas federal district and state court rulings reveals that courts generally treat unobscured, stationary impediments which can be easily distinguished from their surroundings as open and obvious as a matter of law." *Maldonado*, 681 F. Supp. 3d at 709 (collecting cases).

And "the question of whether a duty exists in a given case is a question of law for the court; it is not for the jury to decide under comparative negligence or anything else." *Sanchez v. Dolgencorp of Texas, Inc.*, No. 23-40536, 2024 WL

2846072, at *2 (5th Cir. June 5, 2024) (cleaned up).

If the plaintiff establishes a premises owner's duty to the plaintiff, she must then demonstrate four elements: (1) the premises owner had "actual or constructive knowledge of some condition on the premises"; (2) the condition posed an "unreasonable risk of harm"; (3) the premises owner "did not exercise reasonable care to reduce or eliminate the risk"; and (4) the premises owner's failure "proximately caused" Ms. Huffman's injuries. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). The proximate cause element is composed of two components: cause-in-fact and foreseeability. *See id.*

The test for cause-in-fact, or "but-for" causation, considers whether the "act or omission was a substantial factor in causing the injury" and whether the harm would have occurred without "the act or omission." *Id.*

A. Wal-Mart only owed Ms. Huffman a duty to exercise ordinary, reasonable care.

To establish a claim of premises liability, Ms. Huffman must first demonstrate the threshold issue of duty. *See Del Lago Partners, Inc.*, 307 S.W.3d at 767.

Ms. Huffman alleges that she was an invitee at the time of the incident because she was a shopper. *See* Dkt. No. 20 at 3. More specifically, Ms. Huffman entered Wal-Mart's premises with Wal-Mart's consent and to their mutual benefit – Ms. Huffman would buy the products she needed, and Wal-Mart would receive payment. *See id.* ¶ 8-10.

As such, Ms. Huffman has alleged Wal-Mart owed Ms. Huffman a duty to

exercise ordinary, reasonable care. *See Lapara*, 446 F. App'x at 730. This duty includes an obligation to use ordinary, reasonable care to "make safe" and keep its premises in a "reasonably safe condition," and a duty to warn against any "concealed, unreasonably dangerous conditions" that Wal-Mart is, but Ms. Huffman may not be, aware of. *Austin*, 465 S.W.3d at 202.

But this duty did not impose an obligation on Wal-Mart to warn of open and obvious dangers. *See id.* at 203; *Sanchez*, 2024 WL 2846072, at *2.

In her Second Amended Petition, Ms. Huffman alleges:

> 9. On or about September 22, 2021, Plaintiff was shopping in Defendant's store. Just before the incident, Plaintiff was paying for her shopping items with the cashier register 7. After completing her purchase and walking towards the exit, she was called back to the cashier because she had left a bag behind. After receiving the additional bag, Plaintiff turns to walk out of the store and tripped and fell on a dust mop ("mop") head that was sticking out of the bottom of a cleaning maintenance cart ("cart") that a Walmart employee had left in the middle of the walkway between registers 6 and 7.
> 10. The mop head was concealed and couldn't be easily seen by customers because the mop had been placed at one end of the cart with its long head sticking out an estimated one foot passed the end of the bottom of the cart and just inches above the floor into the walkway of a high-traffic area. Additionally, the mop head was a dark green color that is similar to the dark color of Defendant's floors, making it harder to see. Therefore Plaintiff, or any other reasonable person would not have expected, known about, or been able to see the large mop head extending off the bottom of the cart.



> *Screen shot from the surveillance video of the cart and mop head from the day of the incident made the basis of this suit.*
>
> 11. Defendant had actual or constructive knowledge of the hazardous condition, i.e. the mop head sticking out from the bottom of the cart because it was one of Defendant's employees that improperly placed the mop on the cleaning cart, creating the tripping hazard. The improperly placed cart posed an unreasonable risk of harm because the cart was left in the aisle between registers, which is a high traffic area and a location customers would not typically expect to encounter a maintenance cart blocking their path to the door. Additionally, the large head of the dust mop hazardously protruding out of the bottom of the cart at an extremely low profile and into the walkway of a high-traffic area posed a foreseeable unreasonable risk of harm that a customer, like Plaintiff, would trip over it.
>
> 12. Defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm posed by the mop head jutting out into the walkway because they failed to place any warnings, barricades, or spotters to warn of the existence of the improperly stored mop, and no efforts were made to prevent, reduce, or eliminate the unreasonably dangerous condition, such as placing the mop head into the cart vertically so that it did not stick out from the bottom of the cart. Defendant's failure to use reasonable care to reduce or eliminate the unreasonable risk that they caused by leaving the maintenance cart with its mop head projecting out of the bottom into the middle of the aisle directly and proximately caused Plaintiff's injuries.

Dkt. No. 20 at 3-4.

Both parties assume that the Court should decide, as a matter of law, from the screenshot and the alleged facts whether the alleged dangerous condition was "open and obvious."

And, if Ms. Hubbard alleges facts that – when accepted as true and viewed in the light most favorable to Ms. Hubbard – do "not state a plausible case for relief" under which the condition must be determined to be open and obvious "even in [Ms. Hubbard's] best-case scenario," *Sewell v. Monroe City School Bd.*, 974 F.3d 577, 581 (5th Cir. 2020), the Court may properly resolve the legal question of whether the


defendant owed a duty as a matter of law at the pleading stages, *see, e.g.*, *Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at *3 (W.D. Tex. Apr. 30, 2019) (determining, on a Rule 12(b)(6) motion to dismiss, that an activated saw blade is open and obvious).

But, short of that level of certainty in the pleadings, a Rule 12(b)(6) motion is not meant to resolve disputed facts or test the merits of a lawsuit but rather to determine only if the plaintiff has pleaded enough facts to state a claim to relief that is plausible on its face.

Ms. Hubbard has done so here, pleading specific facts as to why the maintenance cart and mop did not present an open and obvious danger. The Court is required to accept her well-pleaded facts as true, viewing them in the light most favorable to Ms. Hubbard, including that the mop head was concealed and could not be easily seen by customers because the mop had been placed at one end of the cart with its long head sticking out an estimated one foot passed the end of the bottom of the cart and just inches above the floor into the walkway of a high-traffic area; that the mop head was a dark green color that is similar to the dark color of Defendant's floors, making it harder to see; and that any reasonable person would not have expected, known about, or been able to see the large mop head extending off the bottom of the cart, particularly in the aisle between registers, which is a high traffic area and a location customers would not typically expect to encounter a maintenance cart blocking their path to the door.

Wal-Mart and Ms. Hubbard invite the Court to examine the single photograph

defendant owed a duty as a matter of law at the pleading stages, *see, e.g.*, *Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at *3 (W.D. Tex. Apr. 30, 2019) (determining, on a Rule 12(b)(6) motion to dismiss, that an activated saw blade is open and obvious).

But, short of that level of certainty in the pleadings, a Rule 12(b)(6) motion is not meant to resolve disputed facts or test the merits of a lawsuit but rather to determine only if the plaintiff has pleaded enough facts to state a claim to relief that is plausible on its face.

Ms. Hubbard has done so here, pleading specific facts as to why the maintenance cart and mop did not present an open and obvious danger. The Court is required to accept her well-pleaded facts as true, viewing them in the light most favorable to Ms. Hubbard, including that the mop head was concealed and could not be easily seen by customers because the mop had been placed at one end of the cart with its long head sticking out an estimated one foot passed the end of the bottom of the cart and just inches above the floor into the walkway of a high-traffic area; that the mop head was a dark green color that is similar to the dark color of Defendant's floors, making it harder to see; and that any reasonable person would not have expected, known about, or been able to see the large mop head extending off the bottom of the cart, particularly in the aisle between registers, which is a high traffic area and a location customers would not typically expect to encounter a maintenance cart blocking their path to the door.

Wal-Mart and Ms. Hubbard invite the Court to examine the single photograph

and determine from that evidence alone whether the alleged dangerous condition was open and obvious.

But the governing Texas law supposes that, while a court may determine the question as a matter of law, the court will decide whether the evidence conclusively establishes that the invitee would have knowledge and full appreciation of the nature and extent of danger, based on the totality of the particular circumstances the plaintiff faced. Absent unusual circumstances that Ms. Hubbard's Second Amended Petition does not present here, that is a task suited for summary judgment or trial – the contexts in which almost all of the available court decisions arise.

At the least, at this pleadings stage, Ms. Hubbard's detailed Second Amended Petition "contains enough facts to nudge [her] claim across the line from conceivable to plausible." *Gallazo-Omar v. Hyatt Corp.*, No. 1:22-CV-644-DII, 2023 WL 4872911, at *6 (W.D. Tex. May 5, 2023), *rep. & rec. adopted*, 2023 WL 4878857 (W.D. Tex. July 31, 2023)

B. <u>Ms. Huffman plausibly alleges the cart posed an unreasonable risk of harm.</u>

Wal-Mart does not challenge the sufficiency of Ms. Huffman's pleadings on the first, second, and fourth elements of the premises liability claim: whether it had "actual or constructive knowledge of some condition on the premises," it "did not exercise reasonable care to reduce or eliminate the risk," or its failure "proximately caused" Ms. Huffman's injuries.

But it does argue that Ms. Huffman failed to plausibly allege the cart was an unreasonably dangerous condition that posed an unreasonable risk of harm.

A condition is unreasonably dangerous if "there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022).

Ms. Huffman alleges that the maintenance cart was in a high traffic area in a location where customers would not typically expect an obstacle blocking their path to the door. She also alleges that the large head of the dust mop protruded from the bottom of the cart a few inches above the floor and into the walkway of the high-traffic area. And she alleges that the protruding dust mop head was concealed and difficult to see because it was dark green and the floor was also a dark color. According to Ms. Huffman, a reasonably prudent person could have foreseen that a shopper could trip over the protruding mop head.

These allegations are sufficient to plausibly allege that the maintenance cart was unreasonably dangerous condition that posed an unreasonable risk of harm.

II.   Ms. Huffman fails to adequately plead past and future earning capacity.

Ms. Huffman seeks damages for loss of past and future earning capacity. *See* Dkt. No. 20 at 7. But she fails to allege any facts to support those damages.

Under Texas law, loss of earnings and loss of earning capacity are special damages and must be specifically pleaded. *See Harris v. Wal-Mart Stores Tex., LLC*, No. 3:19-CV-00248, 2020 WL 4726757, at *16 (S.D. Tex. May 6, 2020) (citing *Weingartens, Inc. v. Price*, 461 S.W.2d 260, 264 (Tex. App. – Houston [14th Dist.] 1970, writ ref'd n.r.e.); *accord Sherrod v. Bailey*, 580 S.W.2d 24, 28 (Tex. Civ. App. –

Houston [1st Dist.] 1979, writ ref'd n.r.e.) ("[I]f [a] plaintiff[] choose[s] to particularize the injuries arising from harm, *all that they intend to prove must be alleged.*" (emphasis added))).

Ms. Huffman has not alleged any facts that could possibly support a claim for either loss of earnings (such as having missed work) or loss of earning capacity (such as an ongoing physical injury). Ms. Huffman does not even allege she was employed at the time she was arrested.

And, so, Ms. Huffman is not entitled to recover damages under either theory of recovery as currently pleaded.

III. The Court should grant Ms. Huffman's request for leave to amend.

The Court should "freely give leave [to amend] when justice so requires," but approval is not automatic. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (1981). Rather, the Court should not allow leave to amend when the plaintiff "cannot prevail under any legal scenario based on the facts alleged in the complaint." *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

The Court may consider a variety of factors in deciding whether to grant the leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of the amendment." *Mauer v. Wal-Mart Stores, Inc.*, Civ. Act. No. 3:16-cv-2085-BN, 2017 WL 6406619, at *3 (N.D. Tex. Dec. 15, 2017).

Although Ms. Huffman has had multiple opportunities to amend her

complaint, it would not be futile to grant leave to amend her claim for damages for loss of past and future earning capacity.

And, so, the Court should grant Ms. Huffman's alternative motion to request leave to amend her complaint.

## Recommendation

The Court should grant in part and deny in part Defendant's Motion to Dismiss Plaintiff's Second Amended Petition [Dkt. No. 26]. The Court should deny the motion to dismiss Plaintiff's premises liability claim but should grant the motion as to Plaintiff's damages for past and future earning capacity but also should give Ms. Huffman an opportunity to amend that damages claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE