IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLIE JEAN HUFFMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-2302-L** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On August 19, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 32) was entered, recommending that the court, **grant in part** and **deny in part** Defendant Walmart Stores Texas, LLC's ("Walmart" or "Defendant"), Motion to Dismiss ("Motion") (Doc. 26). The magistrate judge determined that Plaintiff Billie Jean Huffman ("Ms. Huffman" or "Plaintiff") plausibly asserted a premises liability claim but failed to plausibly assert facts to support her claim for loss of past and future earnings. For the reasons herein stated, the court **allows** Plaintiff to file an amended pleading that sets forth the factual causes for her request for damages.

The Report determined that Ms. Huffman provided specific facts that were sufficient to plausibly allege that Walmart owed her a duty of care and that the location of the cart posed an unreasonable risk of harm. Report 13-16. Walmart did not challenge the sufficiency of Ms. Huffman's pleadings on the first, second, and fourth elements of the premises liability claim; it only argues that Ms. Huffman failed to plausibly allege that the cart was an unreasonable dangerous condition that posed an unreasonable risk of harm. Report 16. The Report did not,

however, find that Ms. Huffman adequately pleaded past and future earning capacity. Report 17. Ms. Huffman "does not even allege she was employed" at the time of the incident. Report 18.

After making an independent review of the Motions, file, and record in this case, and the magistrate judge's Report, the court determines that the findings and conclusions of the magistrate judge are correct, even though the Report mistakenly refers to Ms. Huffman as "Ms. Hubbard" on pages 14-16, and incorrectly states that she was arrested on page 18. These mistakes do not affect the court's analysis regarding the sufficiency of the allegations of Plaintiff's live pleadings. The magistrate judge's findings and conclusions are, therefore, **accepted** by the court. Accordingly, the court **denies** Wal-Mart's Motion to Dismiss Plaintiff's premises liability claim and **grants** Plaintiff's request for leave to amend its pleadings (Doc. 30). Plaintiff shall file an amended pleading to correct the deficiencies herein identified by **September 20, 2024.** The failure of Plaintiff to file an amended pleading by this date will result in dismissal with prejudice of this action for failure to state a claim upon which relief can be granted.

**It is so ordered** this 6th day of September, 2024.

_____
Sam A. Lindsay
United States District Judge

Order – Page 2